UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JENNIFER OBIAKOR,

Plaintiff,

-against-

NNENNA NP IN FAMILY HEALTH PRACTICE, PLLC and PRISCILLA ORJI,

Defendants.

26-CV-01866 (PAE) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On September 3, 2026, Judge Paul E. Engelmayer entered a default judgment in favor of Plaintiff and against all Defendants for each cause of action asserted against them. (*See* ECF 29, Sept. 3, 2026 Order.) He also awarded Plaintiff a judgment against Defendants for backpay in the amount of $61,193.55, wage violations in the amount of $43,156.00, prejudgment interest at 9% in the amount of $2,752.57, attorneys' fees in the amount of $15,021.25, and costs/disbursements in the amount of $828.75, altogether totaling $122,952.12. (*See id.*) Judge Engelmayer further awarded Plaintiff a judgment against Defendants for emotional and punitive damages in an amount to be decided following a limited inquest. (*See id*.) That same day, Judge Engelmayer referred this matter to me to conduct the limited inquest to determine appropriate emotional and punitive damages. (*See* ECF 30.)

By **October 1, 2026**, Plaintiff shall file the following materials in support of her application for emotional and punitive damages:

1. **Proposed Findings of Fact and Conclusions of Law**. Plaintiff shall file her Proposed Findings of Fact and Conclusions of Law concerning her claims for emotional distress damages and punitive damages, which must include the basis for and calculation of emotional distress damages and punitive damages.

2. **Evidentiary Support for Claimed Emotional Distress and Punitive Damages**. Plaintiff must provide evidence sufficient to permit the Court to "ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Consequently, if Plaintiff seeks actual (as opposed to statutory or nominal) damages, the Proposed Findings of Fact and Conclusions of Law must be supported by one or more declarations or affidavits on personal knowledge, which may attach and authenticate any documentary evidence needed to establish the proposed damages. All evidence submitted in support of Plaintiff's request for damages or other relief must be in admissible form. Each proposed finding of fact shall be followed by a citation to the paragraph of the declaration and/or page of documentary evidence that supports each such proposed finding. In addition, the Proposed Findings of Fact and Conclusions of Law should demonstrate how Plaintiff has arrived at the proposed damages figure and should specifically tie the proposed damages to their legal claim(s) against Defendant.

3. **Prior Submissions**. If Plaintiff intends to rely on any prior submissions for any of the above-listed requirements for supporting their application for a damages judgment against Defendant, then Plaintiff shall so state in a letter, to be filed by **September 17, 2026**, which letter must: (1) identify the requirement for which Plaintiff intends to rely on a prior submission, and (2) identify the ECF docket number(s) and page(s) on which Plaintiff intends to rely to support each such requirement.

4. **Service**. Prior to filing, Plaintiff shall serve Defendants by mail and email with Plaintiff's Proposed Findings of Fact and Conclusions of Law, together with supporting materials and a copy of this Order. Plaintiff shall file proof of such service along with their Proposed Findings of Fact and Conclusions of Law. *See* Local Civil Rule 55.2(a)(3) ("[A]ny party seeking a default judgment must file . . . a certificate of service stating that all documents in support of the request for default judgment . . .

and any papers required by this rule, have been personally served on, or mailed to . . . the party against whom default judgment is sought.”).

5. **<u>Opposition</u>**. No later than **October 22, 2026**, Defendants shall serve upon Plaintiff and file with the Court their responses, if any, to Plaintiff’s Proposed Findings of Fact and Conclusions of Law and supporting materials.

6. **<u>Inquest on Written Submissions</u>.** The Court hereby notifies the parties that it may conduct the damages inquest based solely upon the written submissions of the parties. *See Finkel*, 577 F.3d at 87 (Rule 55(b) “permit[s], but [does] not requir[e], a district court to conduct a hearing before ruling on a default judgment”); *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991) (“[A]ffidavits, evidence, and oral presentations by opposing counsel” constituted “sufficient basis from which to evaluate the fairness of the . . . sum” without the need for a separate hearing on damages); *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 523-24, 526-27 (S.D.N.Y. 2012) (adopting the magistrate judge’s report and recommendation on damages, issued after referral for inquest into damages following default judgment against the defendant, without an evidentiary hearing). To the extent any party seeks an evidentiary hearing, such party must set forth in its submissions the reason why the inquest should not be conducted based upon the written submissions alone, including a description of what witnesses would be called to testify at a hearing, and the nature of the evidence that would be submitted.

DATED: September 11, 2026
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**